BOARD OF ELECTIONS

SAIPAN, CM  96950

In the Matter of the            )
Application for Registration    )
by CRESENCIO P. PABLO,        ~ )            DECISION
Applicant.                      )
_____ )

The above-entitled proceeding having been fully heard by and submitted to the Board of Elections; and the Applicant having appeared with counsel; and the evidence and other papers filed by the Applicant, and the whole thereof duly considered, the following findings of fact are hereby made from the entire record:

## FINDINGS OF FACT

1. That on or about January 25, 1970, the Applicant entered the Northern Mariana Islands as an alien contract worker under a special permit issued pursuant to Titles 53 & 49 of the Trust Territory Code.

2. That the Applicant traveled to the Philippines to visit his family since his arrival for a period of two weeks.

3. That sometime in 1978 the Applicant executed an employment contract with Continental Hotel, said contract containing a provision that the point of hire was Manila and that the employer would be responsible for Applicant's repatriation costs to the point of hire.

4. That the Applicant owns a lot and house in the Philippines and there does not appear on the record that he owns anything of considerable value or permanence in the Northern Mariana Islands.

Exhibit  *A*
Page  1 of 3  Pages

390

5. That the Applicant is married to a Philippine citizen and has six children, all of whom are permanently residing in the Philippines.

6. That the Applicant supports a spouse and family who are permanently residing in the Philippines and also maintains an address outside the Northern Mariana Islands.

7. That the Applicant has never surrendered his Philippine passport and that he is being provided housing by his employer.

8. That the Applicant continued to execute and file applications for entry and work permits, notwithstanding an Attorney General's opinion that persons who executed "Oaths of Renunciation" need not do so.

9. That the record is devoid of any information that Applicant made an attempt to register for the December 1977 election.

10. That the only evidence in the Applicant's favor is his oath of re-enunciation and his desire to stay in the Northern Mariana Islands. Such declaration is viewed as self-serving, made at a time when the declarant has a great deal at stake with respect to his status.

In determining whether one is under a yearly employment contract, such as in the case of Applicant, is domiciled in the Northern Mariana Islands, his manner of living in the Northern Mariana Islands, taken in connection with his station in life, is relevant. There is no evidence no record that Applicant owns anything of considerable value or permanence in the Northern Mariana Islands or that his relations to the community are such that identify him with the Northern Mariana Islands. Absence from one's domiciliary because of work or employment at another place does not bring about a change of domicile without more.

The determination of domicile depends/upon no one fact or isolated facts, but upon all of the facts, taken together, showing a preponderance of evidence in favor of some particular place as one's domicile, or permanent place of abode.

## CONCLUSION

By reason of the findings aforesaid, the Board concludes:

That the Applicant has not sustained the burden of proof on his claim of compliance with Section 8c of the Schedule of Transitional Matters of the Constitution of the Northern Mariana Islands.

DATED this 28th day of December 1979.

BY: _____
        JOSE S. DELA CRUZ
            Chairman
        Board of Elections